IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENOCH SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1091-MJR-PMF |
| | ) |
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC, CHARTER COMMUNICATIONS (DE), LLC, and CHARTER COMMUNICATIONS, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

REAGAN, Chief Judge:

    A.    <u>Introduction and Procedural Background</u>

On August 25, 2014, Enoch Smith filed suit in the Circuit Court of Madison County, Illinois. The complaint named three defendants: (1) Charter Communications, LLC, (2) Charter Communications (DE), LLC, and (3) Charter Communications. Defendants timely removed the case to this District Court, clarifying that the first Defendant's correct name is "Charter Communications Entertainment I, LLC." The Court refers to the three Defendants collectively as "Charter" in this Order.

In removing this case, Charter invoked federal subject matter jurisdiction under the diversity statute, 28 U.S.C. 1332. Section 1332 requires an amount in controversy over $75,000 (excluding interest and costs) and complete diversity among the parties. Assessing the parties' citizenship on threshold review, the undersigned directed

Charter to provide additional information as to the two LLC Defendants. Charter did so via November 6, 2014 amended removal notice (Doc. 8) which delineated the citizenship of all named parties, including each and every member of each LLC Defendant. After reviewing the amended removal notice and complaint, the undersigned concluded that subject matter jurisdiction had been properly pled and ordered Plaintiff to file a first amended complaint setting forth the correct names of the three Defendants being sued (*see* Doc. 9). Without explanation, Plaintiff failed to comply with the November 28, 2014 deadline. To date, Plaintiff has neither filed an amended complaint nor sought an extension of the deadline in which to do so. The Court addresses this issue below in the conclusion.

Plaintiff did, however, move to remand the case on November 10, 2014. The undersigned Chief Judge set a briefing schedule on the remand motion, culminating in a December 29, 2014 reply brief deadline for Plaintiff, if Plaintiff opted to file one (*see* Doc. 13). Defendant timely opposed remand on December 15, 2014; Plaintiff chose not to file a reply brief by the December 29th deadline. The motion now is ripe for disposition. At first blush, Plaintiff's arguments for remand seem well-founded (the complaint prays for under $75,000, as does an attached affidavit from counsel). That conclusion does not withstand closer inspection, however. Analysis starts with the applicable standards and burdens of proof.

B.   Analysis

"To invoke the diversity jurisdiction of the federal courts, a party must establish both that diversity of citizenship is complete and that 'the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs.'" *Travelers Property Cas. v. Good,* **689 F.3d 714, 717 (7th Cir. 2012),** *quoting* **28 U.S.C. 1332(a).** In the case at bar, Plaintiff does not challenge the existence of complete diversity of citizenship among the parties. Rather, Plaintiff maintains that the amount in controversy does not suffice for diversity jurisdiction.

"The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, … or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.,* **472 F.3d 506, 510-11 (7th Cir. 2006),** *cert. denied,* **551 U.S. 1115 (2007),** *citing BEM I, L.L.C. v. Anthropologie, Inc.,* **301 F.3d 548, 552 (7th Cir. 2002).** The proponent of subject matter jurisdiction bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Id. See also Muscarello v. Ogle County Board of Commissioners,* **610 F.3d 416, 424 (7th Cir. 2010),** *cert. denied,* **131 S. Ct. 1045 (2011); and** *Craig v. Ontario Corp.,* **543 F.3d 872, 876 (7th Cir. 2008) (When facts relevant to subject matter jurisdiction are challenged, the proponent must establish those facts by a preponderance of the evidence).**

Once the proponent has made this showing, his estimate of the stakes must be accepted by the court unless there is a "legal certainty" that the controversy's value falls below the jurisdictional threshold. *Meridian Sec. Ins. Co. v. Sadowski,* **441 F.3d 536, 541 (7th Cir. 2006),** *citing Rising-Moore v. Red Roof Inns, Inc.,* **435 F.3d 813 (7th Cir. 2006).** As the Seventh Circuit explained in *Carroll v. Stryker Corp.,* **658 F.3d 675, 680 (7th Cir. 2011) (emphasis added):**

> As the party removing the case to federal court, [Defendant] had the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdiction amount has been satisfied. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). Once it has made this showing, jurisdiction will be defeated **only if it appears to a legal certainty** that the stakes of the lawsuit do not exceed $75,000.

Stated another way, the jurisdictional proponent's estimate of the disputed stakes "controls unless a recovery that large is legally impossible." ***Back Doctors Ltd. v. Metro Property & Casualty Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011).**

And, as noted above, diversity jurisdiction is determined as of the moment of removal. ***Carroll,* 658 F.3d at 680-81.** *Post-removal* amendments, disclaimers, or stipulations limiting damages do not divest a court of jurisdiction, if subject matter jurisdiction was secure at the time of removal. ***See, e.g., Hunt v. DaVita, Inc.,* 680 F.3d 775, 778 (7th Cir. 2012);** *Back Doctors,* **637 F.3d at 830;** *Chase v. Shop 'N Save Warehouse Foods, Inc.,* **110 F.3d 424, 429 (7th Cir. 1997).** Under the "time-of-filing rule," district courts analyze subject matter jurisdiction at the moment the case first appears in federal court -- whether filed there or removed there. ***See, e.g., Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009).** But events subsequent to removal may be considered if they clarify what the plaintiff was actually seeking *when the case was removed*. ***Carroll,* 658 F.3d at 681,** *citing Rising-Moore,* **435 F.3d at 815-16), and** *BEM,* **301 F.3d at 552.** And, of course, remand is warranted "if jurisdiction never existed in the first place." ***Carroll,* 658 F.3d at 681.**

Turning to the case at bar, the Court finds that Charter sustained its burden of establishing that the amount in controversy is over $75,000, excluding interest and costs.

So Plaintiff can defeat subject matter jurisdiction only if it appears *to a legal certainty* that the claim actually is for less than the jurisdictional amount. ***Oshana*, 472 F.3d at 511.**

Plaintiff's complaint alleges that he was injured tripping and falling over a cable wire blown on to the steps of his home (a wire Plaintiff had repeatedly contacted Charter about, but which Charter had refused to repair or remove for several months). Alleging negligence against Charter, Plaintiff demands judgment "for a sum of less than Seventy-Five Thousand Dollars" plus "such other and further relief as the court deems just" (Doc. 16-2, pp. 3-4).[1] In accord with Illinois Supreme Court Rule 222(b), counsel attached an affidavit to the complaint mirroring the prayer for relief (stating that less than $75,000 was sought in the case).

Urging remand, Plaintiff relies on the prayer for relief, the Rule 222(b) affidavit, and the argument that the complaint seeks damages for strictly *past* (and no *future*) medical expenses, economic losses, disability, disfigurement and property damage. The complaint does not limit damages the way Plaintiff asserts. The complaint alleges that Plaintiff suffered personal injuries both internally and externally, injuries **"which may be permanent,"** including but not limited to injuries to his hip, back, leg, and right arm

---

[1] It is somewhat unclear whether this amount is sought from *each* of the three named Defendants (each of whom is listed in a separate count of the complaint) or a single recovery of this amount is sought from whoever turns out to be the proper Charter entity/entities. As a general rule, however, multiple claims cannot be aggregated to satisfy the jurisdictional threshold. "The anti-aggregation rule applies both to cases in which multiple plaintiffs seek to combine their claims against a single defendant … and to those brought by a single plaintiff against multiple defendants…." *Travelers Property*, 589 F.3d at 718.

(Doc. 16-2, pp. 2-3). Plaintiff further alleges that he has suffered *and will in the future* suffer "great pain and mental anguish" (Id., p. 3). Plaintiff also alleges that he has incurred medical expenses and other economic losses, has suffered disability, loss of a normal life, and disfigurement, as well as property damage (Id.). And the caselaw of this Circuit discounts the weight of the Rule 222 affidavit. In *Oshana*, **472 F.3d at 511 (emph. added),** the Seventh Circuit stressed that disclaimers of damages (in complaints and otherwise) are only effective if they are *binding*:

> [Plaintiff's complaint] expressly disclaimed individual damages over $75,000: "Plaintiff seeks no relief, cause of action, remedy or damages that would confer federal jurisdiction upon the claims asserted herein, and expressly disclaims individual damages in excess of $75,000." Such disclaimers have been long approved as a way of staying out of federal court, … but only when the disclaimer is binding. *BEM I, L.L.C.*, 301 F.3d at 552; *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). **Illinois does not bind plaintiffs to such disclaimers in complaints—like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested. So Oshana's disclaimer had no legal effect.** 735 Ill. Comp. Stat.. 5/2–604 (2004); *BEM I, L.L.C.*, 301 F.3d at 552; *The Barbers*, 132 F.3d at 1205.

The Seventh Circuit added that if Plaintiff wanted to prevent removal and stay in state court, her solution was simple (*Oshana*, **472 F.3d at 511-12**) – "she should have stipulated to damages not exceeding the $75,000 jurisdictional limit" by filing a binding stipulation or affidavit *with the complaint.* That kind of stipulation would have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint. *Id.*

The record indicates that Charter tendered such a stipulation to Plaintiff, that Plaintiff refused to sign it (which was his absolute right, of course), and that Plaintiff offered to sign a variation on the theme – even exchanging a draft of a proposed

stipulation that was acceptable to Plaintiff. Arguing for remand, Plaintiff's counsel insists that he was receptive to his client signing a stipulation with certain language omitted or modified from the version tendered by defense counsel.

Whatever the series of events that preceded removal, the fact remains that no binding stipulation or affidavit was ever filed with the complaint or signed by Plaintiff prior to removal. The Court makes its determination based on the record before it which, as of the time of removal (and indeed to date), contains no binding disclaimer of damages over $75,0000 and contains a complaint seeking damages for property damages and various personal injuries – including *permanent* bodily injuries, disability, disfigurement, medical expenses, other economic losses, loss of a normal life, plus past *and future* pain and suffering. It does not appear to a legal certainty that Plaintiff's claim is for less than the $75,000 jurisdictional threshold. It is plausible that more than $75,000 was at stake at the time of removal, so removal was proper. ***Oshana*, 472 F.3d at 512.**

C. Conclusion

Charter (who sought this federal forum by removing the case) has satisfied its burden of showing by a preponderance of the evidence facts suggesting that the jurisdictional amount has been satisfied. It does not appear to a legal certainty that the stakes of this lawsuit fail to exceed $75,000 or that a recovery of $75,000 is legally impossible. ***Carroll*, 658 F.3d at 680-81,[2]** *citing **Back Doctors** 637 F.3d at 830.*

---

[2] "The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists." ***Id.***

Accordingly, the Court **DENIES** Plaintiff's remand motion (Doc. 11).

As previously ordered by the Court, Plaintiff should file an amended complaint to alleviate confusion as to the named Defendants herein. The Court ordered Plaintiff to take this step by November 28, 2014. The Court now **DIRECTS Plaintiff to file a First Amended Complaint by February 28, 2015.** Failure to do so (or take other appropriate action) by the February 28th deadline may be construed as grounds for dismissal under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED January 7, 2015.

                                              **s/ Michael J. Reagan**
                                              Michael J. Reagan
                                              United States District Judge